# Dilks & Knopik

## Purchase and Assignment Agreement

This Purchase and Assignment Agreement (the "Agreement") is entered into as of Tuesday, March 1, 2016 (the "Effective Date") by and between Dilks & Knopik, LLC, a Washington Limited Liability Company, with a principal place of business at 35308 SE Center Street, Snoqualmie, WA 98065, (the "Assignee") and MS Investments of Washington, Inc. with an address of 12929 195th Pl NE, Woodinville, WA 98077- (the "Assignor").

### 1. Recitals

    1.1 Assignor is/was a properly named and lawful creditor in JTS Corporation (98-59752) as filed in the Northern District of California (the "Case"). As a creditor in the Case, Assignor was entitled to distribution of funds from the assets of the Debtor's Bankruptcy Estate in the amount of $5,087.21 (the "Funds"). The Bankruptcy Trustee in the Case attempted remittance of the Funds to Assignor's last known address. Such remittance to Assignor was not successful, and pursuant to Federal Rule of Bankruptcy Procedure 3011 and 11 U.S.C. 347, the Funds were deposited into the Registry of the Court. The Funds then being subject to withdrawal in accordance with 28 U.S.C. 2042.

    1.2 Assignor not desirous of attempting collection of the Funds, nor wishing to incur the time and expense of such collection, does hereby wish and does sell, assign, and convey to the Assignee, for good and valuable consideration, all of Assignor's rights, title and interest in the Funds, without the presence of undue influence or coercion.

NOW THEREFORE, in consideration of mutual obligations, covenants, representations, and warranties herein, the parties agree as follows:

### 2. Assignment of Interest.

    2.1 *Assets Assigned.* The assets herein are assigned to Assignee are those stated in paragraph 1.1 above, or if more than one creditor claim was made in the Case those identified in Schedule 1, attached hereinto and incorporated by reference, that collectively are the Funds held for the benefit of Assignor by the Clerk of the Court of the court identified in paragraph 1.1 in the Unclaimed Funds Registry.

    2.2 *Assignment of Interest.* As herein contemplated, Assignor, without recourse, hereby does sell, assign, transfer and convey all of Assignor's rights, title, and interest in the Funds, in an AS IS basis, for good and valuable consideration without undue influence or coercion, and of his free will. In the interest of consummating this Agreement, both parties do acknowledge and agree to fulfill their obligations herein to affect the lawful assignment, transfer, and conveyance of the Funds to Assignee, who thereafter shall be the sole and lawful owner of the Funds having all right, title, and interest to the same.

    2.3 *Consideration.* The consideration herein given by Assignee to Assignor shall be the sum of **$3,391.47**, to be paid by any lawful tender upon execution of this Agreement, receipt of the Funds, and fulfillment of the obligations hereunder.

    2.4 *Power of Attorney.* To the extent necessary under applicable law, the Assignor does hereby appoint for the limited purpose of collection of the Funds and fulfillment of Assignor's obligation(s) under this Agreement, Dilks and Knopik, LLC as its attorney-in-fact.

### 3. Closing.
The closing of the transaction herein contemplated shall be done immediately upon fulfillment of each parties obligations hereunder, or on such other date as the parties may agree (the "Closing Date"). At the closing, Assignor shall deliver an original of this Agreement and such other documents as may be required to consummate this transaction, and Assignee shall deliver a countersigned Agreement and any other document(s) requiring countersignature, and the consideration contemplated herein. Any closing costs shall be paid by the party incurring such costs.

### 4. Representations and Warranties.

    4.1 *Assignor.* Assignor does hereby represent and warrant that (a) he is legally competent to execute this Agreement, and has full power, authority and legal right to execute, deliver, and perform as agreed under this Agreement, (b) that he is a lawful entity entitled to the Funds herein assigned to Assignee, (c) that he has not otherwise pledged, sold,

Exhibit C

Case: 98-59752    Doc# 923-1    Filed: 06/09/16    Entered: 06/09/16 11:04:13    Page 1 of 8

assigned, transferred, or conveyed the interest herein assigned to Assignee to any other party, person or entity, in whole or in part, providing such proof as may be necessary (d) that he is not involved in any legal proceeding that may affect any right to sell, assign, transfer or convey to Assignee the interest in the Funds herein contemplated, (e) that he performs under this contract without undue influence or coercion on the party of the Assignee or any other party, and (f) that he shall cooperate with Assignee to fulfill his obligations under this Agreement and to Assignor, including execution of this Agreement and such other documents as may be necessary to effect the assignment to Assignee without delay.

    4.2 *Assignee*. Assignee does hereby represent and warrant that he as the former President/Director of MS Investments of Washington, Inc., has full power, authority and legal right to execute this Agreement, and shall cooperate with Assignor to fulfill its obligations under this Agreement to Assignee.

## 5. General Provisions.

    5.1 *Enforceability*. This Agreement constitutes full understanding of the parties superseding any and all prior agreements, oral or written, and the binding obligations of the parties in accordance its terms except as may be limited by operation of law.

    5.2 *Binding Effect*. The terms and provisions of this Agreement shall be binding on and inure to the benefit of the successors, assigns, heirs, and legatees of the parties.

    5.3 *Notices*. Any notices required to be provided hereunder shall be delivered to the address of each party as first stated above, or such other address of which each party may notice the other.

    5.4 *Headings*. All headings contained herein are for convenience of reference and organization only, and shall not be construed or interpreted to be part of this Agreement, nor affect in any way its meaning or interpretation.

    5.6 *Mutual Writing*. This Agreement has been drafted by mutual contribution of the parties, and shall not be construed against either party due to authorship.

    5.7 *Counterparts*. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

    5.8 *Advice of Counsel*. Assignor has sought independent legal advice or hereby waives the opportunity to seek such legal advice prior to the execution of this Agreement.

    5.9 *Severability*. In the event any provision herein is deemed to be invalid, illegal, or unenforceable, such provision shall be removed, but all other provisions herein shall remain in full force and effect.

    5.10 *Choice of Law*. This Agreement shall be interpreted in the law of Washington State, any disputes, claims, or controversies arising under or related to it shall be brought in a court of competent jurisdiction in King County, Washington. In the event of matter brought before a court, both parties waive its right to trial by jury, and specifically agree that any matter brought by either party may be decided by a bench trial, or if appropriate by arbitration under the rules of the court governing such procedure.

    5.11 *Time of the Essence*. The parties hereto acknowledge that time is of the essence in the performance of all obligations under this Agreement.

    IN WITNESS WHEREOF, the parties hereto have caused this Agreement to be executed as of the day and year first written above.

Assignor: _____
Neal W. Jensen - President/Director
MS Investments of Washington, Inc.

Assignee: _____
Brian J. Dilks - Member
Dilks & Knopik, LLC

Subscribed and sworn before me this 9 day of March, 2016.

Notary Public: CR
My Commission Expires: 10-03-2019

*[Notary seal: CAITLYN M. REEVES, COMMISSION EXPIRES 10-03-19, NOTARY PUBLIC, STATE OF WASHINGTON]*

Case: 98-59752   Doc# 923-1   Filed: 06/09/16   Entered: 06/09/16 11:04:13   Page 2 of 8



# Dilks | & | Knopik

## BILL OF SALE

For good and valuable consideration, receipt of which is hereby acknowledged, the undersigned, MS Investments of Washington, Inc. ("Assignor"), hereby sells, assigns, conveys and transfers over and unto Dilks & Knopik, LLC ("Assignee"), any and all of right, title and interest in and to the below referenced claim(s).

The purchase price for the Purchased Claim(s) is $3,391.47.

CLAIM(S) ARE BEING SOLD "AS-IS, WHERE-IS" WITH NO WARRANTIES OR REPRESENTATIONS WHATSOEVER, EXCEPT AS EXPRESSLY PROVIDED IN THE PURCHASE AGREEMENT, INCLUDING, WITHOUT LIMITATION, WARRANTIES OF MERCHANTABILITY OR FITNESS FOR A PARTICULAR PURPOSE.

IN WITNESS WHEREOF, the parties hereto have caused this Bill of Sale to be executed as of the Tuesday, March 01, 2016.

```
Debtor: JTS Corporation
Court: United States Bankruptcy Court - Northern District of California
Case Number: 98-59752
Chapter: 7
Original Creditor: Microsupply Inc.
Unclaimed Amount: $5,087.21
Claim #: 1318
```

X _____
Neal W. Jensen - President/Director
MS Investments of Washington, Inc.

Subscribed and Sworn before me this __9__ day of __March__, 2016

Notary Public: _____CR_____
My Commission Expires: __10-03-209__

[Notary Seal: CAITLYN M. REEVES, NOTARY PUBLIC, STATE OF WASHINGTON, COMMISSION EXPIRES 10-03-19]

Page 3 of 3

Exhibit C

Case: 98-59752   Doc# 923-1   Filed: 06/09/16   Entered: 06/09/16 11:04:13   Page 3 of 8



1

SS Form FP
Rev. 2/2/93
Submit in duplicate
Filing fee: $75.00
This document must be typewritten

MAIL TO:
Colorado Secretary of State
Corporations Office
1560 Broadway, Suite 200
Denver, CO 80202
**APPLICATION FOR CERTIFICATE OF AUTHORITY**

for office use only

931097356  $75.00
SOS   09-14-93   15:22

Pursuant to the provisions of the Colorado Corporation Code the undersigned corporation hereby applies for a Certificate of Authority to transact business in your state, and for that purpose submits the following statement:

FIRST: The name of the corporation is __MICROSUPPLY INCORPORATED__

(Exact Corporation name, must agree with the attached Certificate of Good Standing)

SECOND: The name which it elects to use in Colorado is __MICROSUPPLY INCORPORATED__

(If not the same as the Corporation name a Certificate of Assumed or Trade Name must be filed.)

THIRD: It is incorporated under the laws of __WASHINGTON STATE__

FOURTH: The date of its incorporation is __SEPTEMBER 14, 1989__

FIFTH: The address of its principal office in the state or country under the laws of which it is incorporated is __12368 Northup Way, Bellevue, WA 98005__

Principal place of business in Colorado is __NONE__
(IF YOU DO NOT MAINTAIN A PLACE OF BUSINESS IN COLORADO, STATE "NONE")

SIXTH: The address of its proposed registered office in Colorado is __4615 Hopi Rd./PO Box 371, Indian Hills, CO 80454 (-0371)__, and the name of its proposed registered agent in Colorado at the address is __Daniel J. Cashman__

SEVENTH: The names and respective addresses of its directors and officers are:

| NAME | OFFICE | ADDRESS |
|---|---|---|
| Neal Jensen | Pres. | 6421 NE 135th Pl. Kirkland, WA 98034 |
| William C. Mickel | V. Pres | 14321 282nd Pl. NE, Duvall, WA 98019 |
| William C. Mickel | Secy | 14321 282nd Pl. NE, Duvall, WA 98019 |
| | Asst. Secy | |
| | Treas. | |
| | Director | |
| | Director | |
| | Director | |

To list additional Officers or Directors attach a separate 8 1/2 x 11 sheet of paper

EIGHTH: This application MUST BE ACCOMPANIED BY A CERTIFICATE OF GOOD STANDING ISSUED BY THE JURISDICTION OF ITS INCORPORATION AND DATED WITHIN NINETY (90) DAYS OF THE FILING OF THE APPLICATION.

Dated __9/7__, 19__93__

By _____, Its _____, President
and _____, Secretary
_____, Authorized Agent

COMPUTER UPDATE COMPLETE
JM

Exhibit A

# STATE of WASHINGTON



## SECRETARY of STATE

I, RALPH MUNRO, Secretary of State of the State of Washington and custodian of its seal,

hereby issue this certificate that according to records on file in this office,

Articles of Amendment to

**MICROSUPPLY INCORPORATED**

a Washington profit corporation, whereby the corporate name is changed to

**MS INVESTMENTS OF WASHINGTON, INC.**

was received and filed by this office on June 29, 1998.

Date: October 27, 1998

Given under my hand and the Seal of the State of Washington at Olympia, the State Capital



Ralph Munro, Secretary of State

200-015 A/F

Exhibit B

Mail to: Secretary of State
Corporations Section
1560 Broadway, Suite 200
Denver, CO 80202
(303) 894-2251
Fax (303) 894-2242

Please include a typed self-addressed envelope

**MUST BE TYPED**
**FILING FEE: $25.00**
**MUST SUBMIT TWO COPIES**

FPC-1993/097356

FILED
VICTORIA BUCKLEY
COLORADO SECRETARY OF STATE 012
For office use only

19981194918 C
$ 40.00
SECRETARY OF STATE
10-30-1998 14:26:30

## APPLICATION FOR AMENDED AUTHORITY

Pursuant to the provisions of the Colorado Business Corporation Act, the undersigned corporation hereby applies for an Amended Authority and states:

**FIRST:** The name of the corporation is: MicroSupply Incorporated  neys

**SECOND:** If the corporate name was not available, the assumed name of the corporation is: _____

**THIRD:** _____ (Check if Applicable) The corporate name of the corporation has become available in Colorado and the corporation desires to amend its Authority to reflect the corporate name on the records of the Secretary of State.

_____ The corporation has amended the period of duration in its Articles of Incorporation to _____

__X__ The corporation has changed its name to MS Investments of Washington, Inc.

The name which it elects to use in Colorado is: MS Investments of Washington Inc.

(If its corporate name is not available for use in Colorado)

_____ The corporation has redomesticated from _____ to _____.

**FOURTH:** This application is accompanied by a Certificate of Fact, duly authenticated by the proper officer in the state or country of incorporation (or redomestication as the case may be) certifying the statement(s) made above.

MicroSupply Incorporated
Name of Corporation

Signature _____

Title President

COMPUTER UPDATE COMPLETE
BE

Title

RM

Revised 7/95

Exhibit B

| UNITED STATES BANKRUPTCY COURT NORTHERN DISTRICT OF CALIFORNIA | PROOF OF CLAIM | THIS SPACE IS FOR COURT USE ONLY |
|---|---|---|

In re (Name of Debtor)
JTS Corporation

Case Number: 98-59752
Cred. ID: 1895226
Chapter: 7

FILED
99 MAY 17 AM 9:25
KEENAN G. CASADY, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DIST. OF CA.
SAN JOSE, CA.

Name of Creditor:
(The person or other entity to whom the debtor owes money or property)
Microsupply Inc

Creditor's Soc. Sec./Tax I.D. No.:

NAME AND ADDRESS WHERE NOTICES SHOULD BE SENT (NOTE: STRIKE any pre-printed text that is incorrect AND type or print correct information):

Microsupply Inc
~~12368 Northup Way~~
~~Bellevue WA 98005~~
c/o Brad Fresia
Eisenhauer + Carlson
601 Union St, Ste. 2830
Seattle WA 98101

☐ Check box if you have NEVER received any notices from the Bankruptcy Court in this case.

☒ Check box if you CHANGED any of the pre-printed address so that it now differs from the address on the envelope sent to you by the court.

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

Creditor's Telephone No.: 206-382-1830

ACCOUNT OR OTHER NUMBER BY WHICH CREDITOR IDENTIFIES DEBTOR:
JTS

Check here if this claim ☐ replaces ☐ amends a previously filed claim, dated: _____

1. BASIS FOR CLAIM:
☐ Goods sold
☐ Services performed
☐ Money loaned
☐ Personal injury/wrongful death
☐ Taxes
☒ Other (describe briefly): credit for returned defective product

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Your social security number _____
Unpaid compensation for services performed
from _____ to _____
(date)       (date)

2. DATE DEBT WAS INCURRED: 5/98 - 10/98

3. IF COURT JUDGMENT, DATE OBTAINED:

4. CLASSIFICATION OF CLAIM. Under the Bankruptcy Code all claims are classified as one or more of the following: (1) Unsecured nonpriority, (2) Unsecured Priority, (3) Secured. It is possible for part of a claim to be in one category and part in another.

CHECK THE APPROPRIATE BOX OR BOXES below that best describe your claim and STATE THE AMOUNT OF THE CLAIM AT TIME CASE FILED.

☐ SECURED CLAIM $_____
Attach evidence of perfection of security interest.
Brief Description of Collateral:
☐ Real Estate  ☐ Motor Vehicle  ☐ Other (Describe briefly)
Amount of arrearage and other charges at time case filed included in secured claim above, if any $_____

☒ UNSECURED NONPRIORITY CLAIM $ 123,070.14
A claim is unsecured if there is no collateral or lien on property of the debtor securing the claim or to the extent that the value of such property is less than the amount of the claim.

☐ UNSECURED PRIORITY CLAIM $_____
Specify the priority of the claim.
☐ Wages, salaries, or commissions (up to $4000), earned not more than 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier -11 U.S.C.§ 507(a)(3)
☐ Contributions to an employee benefit plan-11 U.S.C. § 507(a)(4)
☐ Up to $1800 of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § (507)(a)(6)
☐ Taxes or penalties of governmental units-11 U.S.C. § 507(a)(7)
☐ Other-Specify applicable paragraph of 11 U.S.C. § 507(a)_____

5. TOTAL AMOUNT OF CLAIM AT TIME CASE FILED (FILL IN EACH): $ 123070.14 (Unsecured)  $ 0 (Secured)  $ 0 (Priority)  $ 123070.14 (Total)

☐ Check this box if claim includes charges in addition to the principal amount of the claim. Attach itemized statement of all additional charges.

6. CREDITS AND SETOFFS. The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim. In filing this claim, claimant has deducted all amounts that claimant owes to debtor.

7. SUPPORTING DOCUMENTS. Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, or evidence of security interests. If the documents are not available, explain. If the documents are voluminous, attach a summary.

8. TIME-STAMPED COPY. To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

MAIL CLAIM TO:
Clerk, U.S. Bankruptcy Court
U.S. Bankruptcy Court
280 S. 1st Street, #3035
San Jose, CA 95113-3099

DATE: 5-10-99

SIGN AND PRINT the name AND title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):
Chris Jansen, Regional Credit Mgr.

NOTE: DO NOT FILE CLAIM IF SAME ONE ALREADY FILED IN THIS CASE!!

PENALTY for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both.
18 U.S.C. §§ 152 and 3571.

Address Proof